GEORGE O. HOVEY *vs.* SAMUEL E. SAWYER.

If a boundary line in a deed is described as beginning at a post, and running " thence southerly in as straight a line as possible over the highest part of said hill, to a large white pine tree," the method of ascertaining the boundary is, to run a straight line from the post to the highest part of the hill, and another straight line from the highest part of the hill to the tree.

The opinion of an expert is incompetent to show where the highest part of a hill is.

WRIT OF ENTRY to recover a parcel of land in Gloucester.

At the trial in the superior court, before *Ames,* J., the only controversy was as to the true course and location of one line described and set forth in the demandant's deed, starting from a post, and running " thence southerly in as straight a line as possible over the highest part of said hill, to a large white pine tree." The post and the tree were distinctly ascertained; but there was a dispute as to the position of the highest part of the hill. The tenant offered evidence to show that there is a ridge along the hill between the two points claimed by the parties respectively as the highest, from which the hill sloped, and which would divide the waters falling upon it to the east and west; and he contended that the deed called for a line striking this ridge and following it, and then running to the tree; or, if not so, that the line should run as straight as possible along the highest general surface of the hill, though it might require more than one angle in the line.

The judge did not adopt this view of the true construction of the deed, but ruled and instructed the jury that the terms of the deed required that the line should be run from the starting point over the top or highest part of the hill to the pine tree, with as little departure from a straight line and as few changes of direction as possible; that if the highest part of the hill proved to be not in a straight line with the *termini,* then a straight line should be drawn from the post to the point which they should find to be the top or highest part of the hill, and another straight line from that highest part to the pine tree; that the practical question for the jury was, to ascertain what

was the highest part of the hill; that in deciding this question the jury were to take into consideration the general structure and configuration of the mass of the hill, rather than mere projections or irregularities in shape; and that a rock projecting from the side of the hill, of such moderate size and peculiar form as to be a mere excrescence in its general shape, is not necessarily the top of the hill, or highest part of the hill, within the meaning of the deed to the demandant, even though it should prove on measurement to be higher by some inches than any other part of the hill.

The tenant also offered an experienced surveyor, who had visited and examined the premises, and put to him this question : " Where, as an expert, do you locate the highest part of the hill on the plan, and will you as an expert locate the line required by the deed on the plan ? " This question was objected to, and the judge did not permit it to be answered.

The jury returned a verdict for the demandant, for the greater part of the demanded premises ; and the tenant alleged exceptions.

*J. C. Perkins,* for the tenant.

*S. H. Phillips,* (*J. A. Gillis* with him,) for the demandant.

MERRICK, J. We think the interpretation by the presiding judge of the language used in the deed to describe the western boundary of the premises is manifestly correct. When land is said to be bounded by a line running from one designated object to another, the line is necessarily to be considered as straight, for otherwise it would be indefinite, uncertain and entirely useless as a description. And so it was accordingly determined by this court in the case of *Allen* v. *Kingsbury,* 16 Pick. 235. The same also must be true of a general line of boundary which is described as running from the point of commencement to or over an intermediate bound or object to the point of termination ; that is, there is to be a straight line drawn, first from the starting point to the intermediate object, and thence directly to its designated termination. This certainly must be so, if, as in the present case, the line is to be as straight as possible from the stone post in the wall over the highest part of said hill to a large white

pine tree. The post and the tree are the external points of the line, and the highest part of the hill is an intermediate object over which the line is to be traced. No other than an absolutely straight line to and from these several objects can be as " straight as possible." That proposition is susceptible of absolute demonstration ; but it is unnecessary to illustrate what is so plain and manifest upon the mere statement of it. The court could not, therefore, without disregarding the plain import of the language in the deed, have adopted the construction proposed by the tenant, which would have made the western boundary of the premises conveyed a changing or variable series of lines, with more than one angle between its external limits.

Where the " highest part of the hill " is, in running a line southerly from the stone post to the pine tree, was a question of fact to be determined by the jury upon the evidence produced by the parties. It was not a question upon which one man could have any more or better means of forming an opinion than any other person of ordinary intelligence; and therefore the testimony of the surveyor, whose opinion as an expert was offered by the tenant, was rightly excluded.

*Exceptions overruled.*